UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SENEN VIDALS ESCAMILLA,

*Plaintiff*,

v.

B&V REFRIGERATION INC. *and* VICTOR M MACIAS,

*Defendants*.

**ORDER**

24 Civ. 1033 (ER)

RAMOS, D.J.

On February 12, 2024, Senen Vidal Escamilla filed a complaint against the defendants, B&V Refrigeration Inc. and Victor M Macias, to recover damages for unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs under the Fair Labor Standards Act. Doc. 1 ¶ 1. Macias was served on February 26, 2024, and B&V Refrigeration Inc. was served on March 12, 2024. Doc. 6. Defendants' answers were due on March 18, 2024, and April 2, 2024, respectively. *Id*. Neither Defendant filed an answer. On November 18 and 19, 2024, Escamilla filed proposed certificates of default, Docs. 8, 9, and an attorney affirmation in support of the certificates, Doc. 11. The Clerk of Court notified Escamilla that the documents were incorrectly filed and advised him to re-file both documents. Escamilla did not do so.

After Escamilla failed to re-file both documents, the Court issued an Order on October 6, 2025, directing Escamilla to submit a status letter by October 14, 2025. Doc. 12. After Escamilla failed to submit a status report by that date, the Court issued a second Order on April 10, 2026, directing Escamilla to file a status report by April 17, 2026. Doc. 13. Again, Escamilla failed to do so.

There has been no subsequent activity in the case. For the reasons set forth below, the Court now dismisses Plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiff has not communicated with the Court nor responded to any of the Court's orders since filing a proposed certificate of default on November 18 and 19, 2024. Doc. 10. Even after the Clerk of the Court notified Escamilla that the documents were incorrectly filed, Escamilla failed to re-file both documents, resulting in the Court issuing two Orders on October 6, 2025, and April 10, 2026, respectively, which Escamilla did not respond to. Docs. 12, 13. Thus, Plaintiff has not taken meaningful action to prosecute this case in over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff was given clear notice that failure to respond to Court orders could result in dismissal. The Court specifically warned Plaintiff, twice, that "[f]ailure to [submit a status report] may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Docs. 12, 13.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Plaintiff has failed to advance his case for the last twenty-three months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiff has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiff has ignored two Court orders and delayed this case for the last twenty-three months, there are no weaker sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 21, 2026
New York, New York

Edgardo Ramos, U.S.D.J.